**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT DOLEMBA,<br>on behalf of plaintiff and the class defined<br>below, | ) <br>) <br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WEST ASSET MANAGEMENT, INC.<br>and AMERICAN EXPRESS COMPANY, | ) <br>) |
| | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Scott Dolemba brings this action to secure redress from unlawful

credit and collection practices engaged in by defendants West Asset Management Inc. and

American Express Company. Plaintiff alleges violation of the Telephone Consumer Protection

Act, 47 U.S.C. §227 ("TCPA").

2.      The TCPA restricts the use of automated equipment to dial cellular

telephones.

### VENUE AND JURISDICTION

3.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendant's collection communications were received by plaintiff

within this District;

      b.      Defendant transacts business within this District.

### PARTIES

5.      Plaintiff Scott Dolemba is an individual who resides in the Northern

District of Illinois.

6.      Defendant West Asset Management, Inc. is a Delaware corporation with

principal offices at 2253 Northwest Parkway, Marietta, Georgia 30067. It does business in
Illinois.  Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson
Drive, Springfield, Illinois 62703.

7.      Defendant American Express Company is a New York corporation
with an office at 200 Vesey Street, New York, New York 10285. It does business in Illinois.  Its
registered agent and office are CT Corporation System, 208 South LaSalle Street, Suite 814,
Chicago, Illinois 60604.

8.      West Asset Management, Inc. is engaged in the business of a collection
agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      West Asset Management, Inc. states on its website (www.west.com) that
it has "user-friendly automated contacts solutions including Natural Language Speech." and
"The industry's most advanced contact center technologies."

10.     West Asset Management, Inc., acted as collection agent for American
Express Company in connection with the matters complained of herein.

11.     American Express contemplated West Asset Management, Inc., would use
the collection methods described on its web site to collect its debts.

## FACTS

12.     Defendant West Asset Management, Inc., on behalf of American Express,
has been attempting to collect a debt allegedly owed to American Express from someone named
Casimir Dolemba. No such person resides with plaintiff.

13.     On or about June 27, 2013, plaintiff received a telephone call on his cell
phone from defendant West Asset Management Inc., using number 866 663-8310.

14.     The 866 663-8310 number is issued to defendant West Asset Management
Inc., under that name or its former name of Omnium Worldwide, Inc.

15.     On information and belief, the call was placed using a predictive dialer.
A predictive dialer places call without human intervention until a connection is made, in which

case the dialer attempts to connect the recipient with a debt collector.

16.     There was a pause after the plaintiff picked up the phone and before someone came on the line, a characteristic of an automated dialer.

17.     Plaintiff did not authorize the automated placement of calls to his cell phone by either defendant.

18.     Plaintiff did not furnish his cell phone number to either defendant.

19.     Plaintiff and each class member is entitled to statutory damages.

20.     Defendants violated the TCPA even if their actions were only negligent.

21.     Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

22.     Plaintiff incorporates paragraphs 1-21.

23.     The TCPA, 47 U.S.C. §227, provides:

> **§ 227.  Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
> > **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
> >
> > > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

24.     The TCPA,  47 U.S.C. §227(b)(3), further  provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

3

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

25.     Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

26.     Plaintiff brings this claim on behalf of a class, consisting of (i) all persons (ii) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (iii) received automated calls from defendant West Asset Management, Inc., on behalf of defendant American Express Company (iv) where the number was obtained through skip tracing or captured by the defendants' equipment from an inbound call.

27.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

b.     The manner in which defendants obtained the cell phone numbers numbers;

c.     Whether defendants thereby violated the TCPA;

29.     Plaintiff will fairly and adequately protect the interests of the class.

4

Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31.     Several courts have certified class actions under the TCPA. Cell phone cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Mitchem v Illinois Collection Serv*., 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Fax cases include: *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists*

*Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 4:12cv221 (E.D.Mo., Feb. 25, 2013).

32.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1)     Statutory damages;

(2)     An injunction against further violations;

(3)     Costs of suit;

(4)     Such other or further relief as the Court deems just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)